IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Crim. Action No. 2:20-CR-1
                                                           (JUDGE KLEEH)

STEVEN SOMERS,

    Defendant.

**REPORT AND RECOMMENDATION RECOMMENDING
DEFENDANT'S MOTION FOR CORRECTION, [ECF NO. 72], BE DENIED**

Pending before the Court is a *pro se* Motion for Correction of Presentence Investigation Report filed by Defendant Steven Somers ("Defendant") [ECF No. 72]. On January 14, 2022, U.S. District Judge Thomas S. Kleeh referred this motion to the undersigned U.S. Magistrate Judge to consider the record, conduct a hearing, if necessary, and enter into the record written findings and recommendations for the disposition of the motion. [ECF No. 73].

Upon consideration, for the reasons stated herein, the undersigned **RECOMMENDS** that Defendant's *pro se* Motion for Correction of Presentence Investigation Report, [ECF No. 72], be **DENIED**.

**I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On January 14, 2020, Defendant Steven Sommers ("Defendant") was the sole defendant named in a two-count Information and Forfeiture Allegation filed in the United Stated District Court for the Northern District of West Virginia, Clarksburg point of holding court. [ECF No. 1]. Count One charged Defendant with Unlawful Possession of a Firearm as Drug User, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2); Count Two charged Defendant

with Possession with Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).  [Id.].

On January 21, 2020, Defendant appeared for an initial appearance, arraignment, and plea hearing before the undersigned magistrate judge where he waived his right to appear before an Article III Judge, waived his right to proceed by indictment, and tendered a plea of guilty to Counts One and Two of the Information. [*See* ECF No. 4, 7, 8, 10 and 12].

On February 11, 2020, U.S. District Judge Thomas S. Kleeh accepted the Defendant's plea of guilty to the crimes charged in Counts One and Two of the Information, deferred acceptance of the plea agreement, and the stipulations and recommendations contained therein until the time of sentencing and scheduled a date and time for sentencing. [ECF No. 16].

The parties received the Presentence Investigation Report ("PSR") in March 2020, prior to original date scheduled for sentencing. [ECF No. 49].[1] The PSR reflected Defendant's reported mental health and substance abuse history, including his use of marijuana, alcohol, hallucinogens, and club drugs. [ECF No. 49 at 23]. The PSR recited Defendant's offense conduct and criminal history, which further confirms Defendant's history of marijuana use and experimentation with "Molly" or MDMA. [ECF No. 49 at 11-21]. The PSR also included information regarding Defendant's prior involvement in substance abuse intake, counseling, and treatment programs including through the Back on Track Program in Prince George's County, Maryland, and the Care Consultants Treatment Center in Maryland. [ECF No. 49 at 23]. The PSR outlined Defendant's bond violations which allege he repeatedly tested positive for marijuana while on pretrial release.

---

[1] The Presentence Investigation Report in this matter is sealed. [ECF No. 49]. However, for proper consideration of Defendant's motion, the undersigned will cite to information included in the PSR regarding Defendant's substance abuse history; this information was also disclosed and included in Defendant's unsealed Motion. [*Compare* ECF No. 49 at 6, 11-21, 23-24, and 41 *with* ECF No. 72].

[ECF No. 49 at 6]. The PSR also indicated Defendant's interest in participating in future mental health counseling and substance abuse treatment opportunities that may be available through the Federal Bureau of Prisons. [ECF No. 49 at 23-24]. Objections to the report were submitted by defense counsel, and the PSR was revised on May 18, 2020 to address those objections. [ECF No. 49 at 41]. None of the objections related to the PSR's inclusion, omission, or characterization of Defendant's drug use. [Id.]

On August 12, 2020, Defendant was sentenced to a term of seventy-eight (78) months as to Count One, and sixty (60) months as to Count Two, with such terms to run concurrently. [ECF No. 48; ECF No. 54 at 2;]. The Court recommended that Defendant Somers participate in the Bureau of Prisons' 500-hour Residential Drug Abuse Treatment Program ("RDAP"). [ECF No. 54 at 2].

In his *pro se* motion, filed on December 13, 2021, Defendant contends the probation officer who prepared his Presentencing Investigation Report failed to include his history of drug abuse and further contends this omission led to his denial from RDAP at the BOP's FCI Morgantown facility. [ECF No. 72]. Specifically, Defendant states "the FCI Morgantown RDAP staff has informed SOMERS that he is ineligible to participate due to no history of drug abuse being entailed within the Presentencing Investigation Report." [ECF No. 72 at 3-4]. Defendant argues that this oversight or omission should be corrected by a subsequent court order pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

By Order entered on January 14, 2022, [ECF No. 73], this *pro se* motion was referred to the undersigned U.S. Magistrate Judge to consider the record, conduct a hearing, if necessary, and enter into the record written findings and recommendations for the disposition of the motion.

## II. ANALYSIS

A defendant has fourteen days from the date that he receives the PSR to object to it in writing. FED. R. CRIM. P. 32(f)(1). This includes "objections to material information. . . omitted from the report." Id. After that time, a court may allow new objections to the PSR "for good cause," but only until the court imposes a sentence. FED. R. CRIM. P. 32(i)(1)(D). Thus, objections made to the PSR after sentencing are untimely. See Id. See also United States v. Edwards, No. 3:12-CR-00042, Dkt. No. 70, (N.D.W.Va.)(Groh, J.) (denying motion requesting revision to PSR to add alcohol and drug use so defendant may be admitted to RDAP); United States v. Jackson, No. 05-96, 2012 WL 396006, at *1 (E.D. La. Feb. 7, 2012) (denying motion that requested removal of information from PSR because it was filed after sentencing); United States v. Riley, No. 09-CR-0098(1) PJS, 2012 WL 787403, at *1-*2 (D. Minn. Mar. 8, 2012) (denying motion requesting amendment of PSR to state that the defendant, who sought admission to RDAP, was an alcoholic because, among other things, the PSR accurately reflected the information given by the defendant at the time of sentencing).

Under Rule 36 of the Federal Rules of Criminal Procedure, the Court may "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. This rule is meant to allow for the correction of mechanical or typographical errors, such as scrivener's mistakes, not for substantive changes. See generally United States v. Yakle, 463 F.3d 810, 811 (8th Cir.2006) (per curiam) (noting that Rule 36 was meant to allow for the correction of scrivener's mistakes); United States v. Burd, 86 F.3d 285, 288 (2d Cir.1996) ("A clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." (internal quotations omitted)).

Here, Defendant's request to revise the PSR is untimely as it has been filed over a year after the court imposed his sentence. Furthermore, the PSR appears to accurately reflect the Defendant's history of drug use by relaying the information provided by the Defendant to U.S. Probation, relaying investigation gathered by the Government and the probation officer throughout the case investigation, and relaying information gathered during Defendant's time on pretrial supervision, including his presumptive positive test results for marijuana use.

The undersigned would note that admission to the BOP's RDAP is solely within the authority of the BOP, despite any prior recommendations by this Court. *See* Mohammad v. Haynes, No. 2:09 CV 11, 2009 WL 4549071, at *7 (N.D.W. Va. Nov. 25, 2009) ("[A]ny substantive decision by the BOP to grant or deny petitioner's admittance into the RDAP, or regarding his eligibility to receive a sentence reduction, is not reviewable by this Court."). Additionally, while Defendant alleges that insufficient information in the PSR is the reason for his RDAP denial, other factors may have contributed to the BOP's decision to deem Defendant ineligible for RDAP. For example, inmates may be deemed ineligible for RDAP and for early release under the Violent Crime Control and Law Enforcement Act of 1994 if they are found to have a current felony conviction for any offense that involved the carrying, *possession*, or use a firearm or other dangerous weapon. 28 C.F.R. § 550.55(b)(5)(2) (emphasis added). Here, Defendant plead guilty to Unlawful *Possession of a Firearm* as a Drug User under Title 18, United States Code, Sections 922(g)(3) and 924(a)(2) and was sentenced according.

In sum, the PSR already includes the information regarding drug use and drug treatment that Defendant describes in his motion. Despite Defendant's arguments under Rule 36, the court finds no clerical errors, oversights, or omissions which would merit a revision. Again, the Defendant's motion is untimely. It is within the sovereignty and providence of the BOP, not this

Court, to decide whether Defendant will ultimately be admitted to RDAP. *See* United States v. Riley, No. 09-CR-0098(1) PJS, 2012 WL 787403, at *2 (D. Minn. Mar. 8, 2012)("The Court has no idea whether [defendant] is an alcoholic, and, unlike the BOP, this Court has neither the responsibility nor the expertise to make that determination."). The undersigned believes there is no further action to be taken by the Court, and a revision to PSR is not appropriate or merited under these circumstances.

Accordingly, the undersigned **RECOMMENDS** that the Defendant's *pro se* Motion for Correction of Presentence Investigation Report, [ECF No. 72], be **DENIED**.

### III. CONCLUSION

For the reasons set forth herein, the undersigned **RECOMMENDS** that Defendant's Motion, [ECF No. 72], be **DENIED.**

Any party shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of Court is **DIRECTED** to transmit copies of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 18, 2022.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE
